# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| **DeJUAN KELLY** | **CIVIL ACTION NO. 5:13-cv-2474** |
| **LA. DOC #412413** | |
| **VS.** | **SECTION P** |
| | **JUDGE DONALD E. WALTER** |
| **WARDEN JERRY GOODWIN, ET AL.** | **MAGISTRATE JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

*Pro se* plaintiff DeJuan Kelly filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 14, 2013.  Plaintiff is an inmate in the custody of Louisiana's Department of Corrections; he is incarcerated at the David Wade Correctional Center (DWCC), Homer, Louisiana, and he complains that he was injured when Lt. Orlando Jones closed a cell door while plaintiff was in the process of entering his cell. He also complains that he was denied appropriate medical care thereafter, and threatened with bodily harm should he file a lawsuit.

Plaintiff sued DWCC Warden Jerry Goodwin, Colonel Lonnie Nail, Lt. Orlando Jones and unnamed individuals comprising the prison's medical department. He prayed for compensatory damages. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.  For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

### *Statement of the Case*

Plaintiff is an inmate in the custody of the DOC incarcerated at the DWCC. On June 4,

2013, plaintiff was returning to his cell after having showered. Because he is "stocky," and because the door was only half opened, plaintiff turned sideways to enter his cell.  Upon doing so, the cell door, which was being operated by Lt. Jones, closed, trapping plaintiff in the doorway.  After an unspecified period of time elapsed, Lt. Jones opened the cell door denying plaintiff's claim that the door closed on him.

On some unspecified date thereafter, plaintiff advised Warden Goodwin and Colonel Nail about the incident and asked to be examined by a physician for diagnosis and treatment of his "crushed" chest, his right hand, and his swollen ankle. Goodwin and Nail examined plaintiff and concluded that he was not injured and advised him to make sick-call. They also threatened him with bodily harm should he file a lawsuit.  In any event, plaintiff made a sick call request but claims he was "refused medical treatment."

According to plaintiff, Lt. Jones used excessive and unnecessary force when he intentionally closed the cell door causing plaintiff "great harm." He also claimed that Col. Nail, the supervisor of the cell block, did nothing when the incident was brought to his attention. Further, Nail refused to allow plaintiff an immediate examination by the medical department and instead directed him to file a sick call request.  He claimed that Warden Goodwin likewise refused him immediate medical attention and threatened him with bodily harm should he file a complaint.

According to plaintiff, despite three sick call requests, he has yet to be examined and treated by a physician and that he experiences sharp pain when using the restroom and when reclining.

2

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner. He has paid the full filing fee. Nevertheless, because he is a prisoner seeking redress from an officer or employee of a governmental entity, his  complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (per curiam).  Section 1915A(b) provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Juridical Person*

Among others, plaintiff has sued the prison's "Medical Staff."   Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held."  Thus, Louisiana law governs whether an entity such as a department within a  corrections facility has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a

3

corporation or partnership." La. Civ.Code Ann. art. 24.  The prison's "Medical Staff" or "Department" is not a juridical person capable of being sued, therefore, plaintiff's claim against the Medical Staff must be dismissed as frivolous.

### 3. Negligence

Plaintiff's description of the June 4, 2013, incident suggests that, at worst, Lt. Jones was negligent in his operation of plaintiff's cell door.  Plaintiff maintains that Jones intentionally applied excessive force; however, that claim is clearly conclusory.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988). The deprivation must be intentional, as negligent conduct cannot serve as the basis for a § 1983 claim. See *Jackson v. Procunier*, 789 F.2d 307, 310 (5th Cir.1986) (citing *Davidson v. Cannon*, 474 U.S. 344 (1986); *Daniels v. Williams*, 474 U.S. 327 (1986)). Plaintiff's excessive force claim against Lt. Jones must be dismissed as frivolous.

### 4. Medical Care

Plaintiff's medical care claim arises under the Eighth Amendment's prohibition against cruel and unusual punishment.  His claim amounts to an Eighth Amendment violation only if he can establish deliberate indifference resulting in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006).  The facts  underlying a claim of deliberate indifference must clearly establish the serious medical need in question and the alleged indifference of the prison officials. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would

recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006).

"Deliberate indifference is an extremely high standard to meet." *Domino v. Texas Dep't of Crim.*

*Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "[T]he plaintiff must show that the officials refused to

treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar

conduct that would clearly evince a wanton disregard for any serious medical needs." *Id*. (internal

quotation marks and citation omitted). "[M]ere negligence, neglect, or medical malpractice" do

not constitute deliberate indifference. *Varnado*, 920 F.2d at 321. Even "gross negligence" does

not establish deliberate indifference. *Hernandez v. Tex. Dep't of Prot. and Reg. Servs*., 380 F.3d

872, 882 (5th Cir. 2004).  Plaintiff has not alleged sufficient facts to establish deliberate

indifference.

Indeed, it appears that plaintiff was examined by corrections and medical staff at the

prison and based upon their observations, it was determined that plaintiff sustained no injury. It

thus appears that plaintiff simply disagrees with the decisions of the corrections and health care

professionals who were responsible for his care and treatment.  As noted in plaintiff's complaint

and in the responses to his grievances, plaintiff was examined by professionals who concluded

that he was either not injured or that his injury, if any, was not serious. His disagreement with the

health care professionals' treatment choices falls far short of establishing deliberate indifference

since mere disagreement with medical diagnosis or treatment does not state a claim under the

Eighth Amendment. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997), citing *Young v.*

*Gray*, 560 F.2d 201, 201 (5th Cir.1977); *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir.1985).

In any event, in order to allege a violation of the Eighth Amendment plaintiff must not

only demonstrate deliberate indifference on the part of the defendants, but he must also

demonstrate  that the deliberate indifference resulted in substantial harm.  *Easter v. Powell*, 467

F.3d 459, 463 (5th Cir. 2006).  Plaintiff has not identified any "substantial harm" that has

befallen him as a result of the defendants' treatment choices.  Plaintiff's medical care complaint

fails to state a claim for which relief may be granted.

### *5. Threats*

Finally, plaintiff complains that Warden Goodwin threatened him with bodily harm

should he file suit.  To state a §1983 claim for retaliation, the prisoner plaintiff must allege (1) a

specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his

exercise of that right, (3) a retaliatory adverse act, and (4) causation. *Morris v. Powell*, 449 F.3d

682, 684 (5th Cir.2006); *McDonald v. Stewart*, 132 F.3d 225, 231 (5th Cir.1998). The law is, of

course, well settled that corrections officials may not retaliate against an inmate who exercises

his right of access to court. *Ruiz v. Estelle*, 679 F.2d 1115, 1153 (5th Cir.1982), *opinion amended

in part and vacated in part*, 688 F.2d 266 (5th Cir.1982), *cert. denied*, 460 U.S. 1042, 103 S.Ct.

1438, 75 L.Ed.2d 795 (1983).   The plaintiff must demonstrate a retaliatory adverse act, and, this

retaliatory adverse act must be more than *de minimis*.  *Morris v. Powell*, 449 F.3d 682, 684 (5th

Cir.2006).

A prisoner plaintiff does not state a retaliation claim based on mere threats, which are not

sufficient to qualify as a retaliatory adverse act. *See Jones v. Greninger*, 188 F.3d 322, 324–25

(5th Cir.1999); *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993). *See also Bell v. Woods*,

382 Fed. Appx. 392 (5th Cir. 2010)(unpublished) ("Bell has not stated a retaliation claim because

he has alleged only a threat, but no retaliatory adverse act...") Here, plaintiff has alleged no

retaliatory adverse act and therefore his claim of retaliation must be dismissed for failing to state

6

a claim for which relief may be granted.

### *Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim for which relief may be granted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers, Monroe, Louisiana, November 13,  2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE